**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jackie Howard MULLINS,**
**Defendant–Appellant.**

**No. 92–6230.**

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1993.

Jerome Kerney, Asst. Federal Public Defender (William P. Earley, Asst. Federal

---

Public Defender, on the brief), Oklahoma City, OK, for defendant-appellant.

Ted A. Richardson, Asst. U.S. Atty. (Joe Heaton, U.S. Atty., with him on the brief), Oklahoma City, OK, for plaintiff-appellee.

Before BALDOCK and BRORBY, Circuit Judges, and VRATIL [1], District Judge.

VRATIL, District Judge.

Jackie Howard Mullins was charged with one count of conspiracy to commit arson and mail fraud in violation of 18 U.S.C. § 371, one count of arson in violation of 18 U.S.C. § 844(i), and three counts of mail fraud and aiding and abetting mail fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2. Mullins pleaded not guilty on all counts and proceeded to jury trial in the United States District Court for the Western District of Oklahoma. The jury convicted Mullins on all counts and the court sentenced him to 70 months imprisonment with a three-year period of supervised release.

Defendant alleges that the trial court committed error:

(1) In giving an impeachment instruction which unfairly singled out his testimony and that of his co-defendant because it mentioned that false testimony "signifies a consciousness of guilt" and the issue of "guilt" related only to defendants and not to other witnesses; and

(2) In enhancing defendant's sentence by 18 levels under the United States Sentencing Commission, *Sentencing Guidelines* (hereinafter "U.S.S.G.") § 2K1.4 App. C (amend. # 330) (1992) (effective November 1, 1990), based on its finding that in committing arson defendant knowingly created a substantial risk of death or bodily injury.

Defendant also claims that the evidence was insufficient to support his conviction. For reasons stated here and in the court's companion case, *United States v. Markum*, 4 F.3d 891 (1993), we affirm.

I.

## Sufficiency of the Evidence

Mullins proceeded to trial with his co-defendant, Judy Louise Brown Markum. The evidence is recited and reviewed in the companion opinion cited above. For reasons stated therein, we find that the evidence was sufficient to support Mullins' conviction on all counts.

II.

## Credibility Instruction

Mullins complains that the district court gave a witness impeachment instruction which referred to "guilt" and thus unfairly singled out defendants—the only witnesses to which the concept of guilt could apply.

The instruction to which Mullins objects reads in pertinent part as follows:

... [I]f you find that a witness has knowingly given false testimony during this trial denying incriminating facts, an inference that you are permitted to draw is that the false testimony signifies a consciousness of guilt.

Doc. # 49, Inst. # 12.

Defendant admits that the jury might have properly inferred a consciousness of guilt if it found that he had knowingly given false testimony. He nonetheless argues that the district court erred in failing to give the full instruction on exculpatory statements recited in 1 E. Devitt & C. Blackmar *Federal Jury Practice and Instruction* § 14.06 (4th Ed. 1992). The Devitt & Blackmar instruction reads as follows:

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show [his/her] innocence and it is later shown that the defendant knew that the statement or explanation was false, the jury may consider this as showing consciousness of guilt on the part of Defendant since it is reasonable to infer that an innocent person does not

1. The Honorable Kathryn H. Vratil, District Judge of the United States District Court for the District of Kansas, sitting by designation.

usually find it necessary to invent or fabricate an explanation or statement tending to establish [his/her] innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on [his/her] part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury as the sole judges of the facts of this case.

In your evaluation of evidence of any exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing their innocence. Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

 Jury instructions must be examined as a whole and a *de novo* standard of review is applied to determine the propriety of an individual jury instruction to which objection was made at the time of trial. E.g., *United States v. Sasser,* 974 F.2d 1544, 1551 (10th Cir.1992), *cert. denied, Sasser v. United States,* —— U.S. ——, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993), citing *United States v. Barbee,* 968 F.2d 1026, 1033 (10th Cir.1992); *United States v. de Francisco–Lopez,* 939 F.2d 1405, 1409 (10th Cir.1991); *United States v. Sanchez–Robles,* 927 F.2d 1070, 1073 (9th Cir.1991)). Our standard of review is whether the jury, considering the instructions as a whole, was misled. *United States v. Davis,* 929 F.2d 554, 560 (10th Cir.1991), citing *United States v. Willis,* 890 F.2d 1099, 1105 (10th Cir.1989). The standard is not whether the instruction was faultless in every respect. Only where the reviewing court has substantial doubt that the jury was fairly guided will the judgment be disturbed. *Messina v. Kroblin Transp. Sys., Inc.,* 903 F.2d 1306, 1309 (10th Cir.1990).

Because we must examine the impact of the instructions as a whole, Instruction 12 must be examined in light of Instruction 11. Instruction 11 reads as follows:

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the government or the defendants and his interest, if any, in the outcome of the case; his manner of testifying; his criminal record or otherwise; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Doc. # 49, Instruction # 11.

Considering both instructions together, the jury was not misled as to the fact that it had the sole responsibility for judging the credibility of all witnesses. Instruction 12 could have been better stated, and this court does not encourage its use in other cases. It did not amount, however, to a "directed verdict" for the government as defendant claims.[2] Further, when Mullins objected to Instruction 12, he neither proposed nor requested an alternative instruction. We are convinced that the jury was fairly guided in its deliberations and the judgment below will not be disturbed.

### III.

*Arson Guidelines Enhancement Level*

Defendant's argument with respect to U.S.S.G. § 2K1.4 is addressed in *United States v. Markum.* For the reasons stated therein, we find that the district court did not err in applying an 18–level sentence enhancement.

---

**2.** The instruction says that an inference of consciousness of guilt may be drawn if a witness has

denied *incriminating facts,* not from mere inconsistent testimony.

The judgment of the district court is **AFFIRMED**.