F I L E D
United States Court of Appeals
Tenth Circuit

JUL 30 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES RAY ARTBERRY; JAMES
EDWARD HAYDEN,

Defendants-Appellants.

Nos. 96-5180 & 96-5185
(D.C. No. 96-CR-9-BU)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Defendants appeal from their respective convictions after a jury trial for possession of a firearm after conviction of a felony. Defendant Hayden appeals the district court's rulings on two jury instructions. Both defendants allege that the district court erred in denying their requests for a jury view of the scene and for admission of two videotapes of the scene. The parties are familiar with the facts; therefore, we do not recount them. We affirm.

Defendant Hayden first objects to Instruction No. 17 on false exculpatory statements. The instruction refers to Hayden's explanation that he had been at a store, implying that he was not at the scene. He maintains that the instruction required the jury to find that his statement had been proven to be false, even though no direct evidence challenged the statement.

We review a challenge to jury instructions to determine whether the instructions as a whole adequately state the applicable law and inform the jury of the issues and governing standards. See United States v. Scott, 37 F.3d 1564, 1574 (10th Cir. 1994). The instructions need not be flawless, but we must evaluate whether the jury was misled and whether the instructions provided a proper basis for the jury's deliberations and decision. See id.

The jury was free to believe the government's evidence showing that Hayden had committed the crime charged, and to disbelieve Hayden's explanation. The challenged instruction informed the jury that they must evaluate the evidence regarding Hayden's explanation. Moreover, Instructions No. 8 (credibility of witnesses) and No. 9 (impeachment), served further to ensure that the jury understood its duty to evaluate the evidence. See United States v. Mullins, 4 F.3d 898, 900 (10th Cir. 1993) (finding no error when considering challenged instruction on knowingly giving false testimony in conjunction with credibility instruction).

Defendant Hayden next challenges the district court's refusal to give his tendered instruction on eyewitness testimony which would have cautioned the jury in its evaluation of the identification made by Officer Bayles. Hayden asserts that Officer Bayles' identification of him was suspect because he did not have an adequate opportunity to observe him. Our review is focused on the particular facts of this case to evaluate whether the tendered instruction was necessary to fairly present the case to the jury. See United States v. Thoma, 713 F.2d 604, 608 (10th Cir. 1983).

As the district court correctly noted, the government's case did not depend on a single eyewitness whose testimony was not corroborated by other evidence. Officer Watson testified that defendant Hayden was in an automobile with

defendant Artberry and Hayden's brother prior to their arrest. Hayden was apprehended as he walked along a nearby street. Neither the police nor a lay witness had seen him walking along the street between the point of his arrest and the store. Therefore, we find no error in denying the tendered instruction. See, e.g., United States v. McNeal, 865 F.2d 1167, 1171-72 (10th Cir. 1989) (no error in refusing cautionary eyewitness identification instruction where government's evidence did not depend on a single eyewitness whose testimony was not corroborated).

Both defendants Artberry and Hayden argue that the district court erred in refusing to permit the jury to view the scene of the event and in excluding from the evidence two videotapes of the scene. We review both rulings for an abuse of discretion. See United States v. Culpepper, 834 F.2d 879, 883 (10th Cir. 1987) ("Whether the jury is permitted to view evidence outside the courtroom is a matter for the discretion of the trial court."); Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1526 (10th Cir. 1997) (admissibility of videotapes under Fed. R. Evid. 403 reviewed for abuse of discretion).

The district court determined that between the time of the incident, which occurred on a snowy February day, and the time of the April trial, the trees and brush had leafed out. Consequently, the request for a jury view was denied because the scene was not depicted as it was on the day of the incident. The court

also denied admission of the videotapes of the scene made during the winter because no witness testified that the tapes showed the scene under the conditions present on the date in question.  We find no abuse of discretion and therefore we will not disturb the district court's rulings.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge