**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELIZABETH MARJORIE ROBERTSON,

    Defendant-Appellant.

No. 96-1233
(D.C. No. 95-CR-448-03-S)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, BARRETT,** and **McKAY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Elizabeth Marjorie Robertson was convicted by a jury of one count of mail fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2, and one count of wire fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2. Ms. Robertson was sentenced to eighteen months imprisonment on each count to run concurrently, three years supervised release, and restitution in the amount of $4,800. Ms. Robertson appeals both her conviction and her sentence. First, she challenges the adequacy of the jury instruction on the aiding and abetting charge. Second, Ms. Robertson contends the district court abused its discretion by enhancing her sentence based on factors already fully considered under the United States Sentencing Guidelines (U.S.S.G.). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

**Background**

Ms. Robertson and her codefendants, Robert Smith & Richard Clark,[1] were employed as telephone solicitors by Say No Now, a fraudulent telemarketing operation. Working on a commission basis, Ms. Robertson and the other

---

[1] Richard Clark ultimately testified against Ms. Robertson and Mr. Smith under the terms of a plea agreement with the government. Mr. Smith was tried and convicted of six counts of wire and mail fraud, and aiding and abetting. *See United States v. Smith*, ___ F.3d ___ No. 96-1245, 1997 WL 796417 (10th Cir. Dec. 31, 1997).

telemarketers would solicit contributions to the organization through unsolicited telephone calls to potential donors, often targeting elderly individuals, especially those who had given in the past. Potential donors were told contributions would be used to keep children off drugs. Ms. Robertson and the other solicitors further induced potential donors to contribute by telling donors they had been selected to receive their "fair share" of $75,000 in prizes and awards, and that they would receive prizes exceeding the value of their contributions. However, while collecting over $915,000 in donations in the first ten months of 1995, Say No Now contributed only $45 to charitable causes. Rather than valuable prizes, donors actually received pencil sets, board games, figurines, and savings bonds in return.

**Discussion**

On appeal, Ms. Robertson challenges the adequacy of the jury instruction on the aiding and abetting charge.[2] She complains the district court's aiding and

---

[2] Defense counsel objected to the following instruction:

> In order for you to find the defendant guilty as an aider or abettor, you must be satisfied beyond a reasonable doubt that the defendant intentionally associated himself or herself with a criminal venture, that he or she participated in it as something that he or she wished to bring about, and that he or she sought by his or her action to make it succeed.

abetting instruction failed to adequately instruct the jury on the definition of "participant" and on the required *mens rea*.

Our standard of review for challenges to jury instructions is "whether the jury, considering the instructions as a whole, was misled." *United States v. Smith*, 13 F.3d 1421, 1424 (10th Cir.), *cert denied*, 513 U.S. 878 (1994). Where, as here, an objection was made to the instruction at trial, our review is *de novo*. *Id*. The judgment of the district court will be disturbed only where this Court has "substantial doubt that the jury was fairly guided." *United States v. Mullins*, 4 F.3d 898, 900 (10th Cir. 1993).

The district court's aiding and abetting instruction adequately clarified the term "participant" and the requisite intent. The instruction made it clear the defendant must have "intentionally associated ... herself with a criminal venture." The instruction further required that the defendant "wished to bring about" the criminal venture and "sought by ... her action to make [the criminal venture] succeed." Contrary to Ms. Robertson's assertions, requiring proof the defendant *intentionally associated herself with a criminal venture* would not leave the jury

---

(Supp. Vol. 1, Tr. at 27; Vol. 16, Tr. at 1045-47.) The district court denied the objection. (Vol. 16, Tr. at 1047.)

-4-

free to assume "anyone who worked for Say No Now" fell within the meaning of the term "participant."

Moreover, the jury instructions are to be read as a whole, as the trial court repeatedly told the jury. *See United States v. Lee*, 54 F.3d 1534, 1536 (10th Cir.), *cert. denied*, 116 S. Ct. 247 (1995). Numerous instructions, including those pertaining to the mail and wire fraud charges, spelled out the government's burden to prove Ms. Robertson had acted with the *specific intent to defraud.* The jury was instructed that her actions must have been "knowing" and "willful." The jury also received a "good faith" instruction, requiring the government to prove Ms. Robertson did not act with good faith, leaving little doubt as to the requisite *mens rea.*

Considering the jury instructions as a whole, the jury was adequately instructed and fairly guided in its deliberations on the aiding and abetting charge. We find no likelihood that the jury was misled. Accordingly, we conclude the district court committed no error.

Ms. Robertson also contends the district court erred in enhancing her base offense level by two levels pursuant to U.S.S.G. § 5K2.0.[3]  She argues the district court may depart under § 5K2.0 only if the applicable guidelines do not take a special factor into account, and the district court impermissibly based its upward departure on factors fully accounted for under the multiple victim and vulnerable victim guidelines.[4]  *See* U.S.S.G. §§ 2F1.1 and 3A1.1.

Ms. Robertson's codefendant, Robert Smith, raised this same argument.  *See* *Smith*, ___ F. 3d at ___, 1997 WL 796417 at *9.  Guided by the United States Supreme Court's analysis in *Koon v. United States*, 518 U.S. 81 (1996), and this court's analysis in *United States v. Collins*, 122 F.3d 1297 (10th Cir. 1997), we held the district court's imposition of an upward departure under U.S.S.G. § 5K2.0 was permissible provided an aggravating circumstance existed to a degree not adequately taken into consideration by the relevant guidelines.  *See* *Smith*, ___ F. 3d at ___, 1997 WL 796417 at *12.  We further held the record

---

[3]  Section 5K2.0 of the Guidelines annual sets forth the Sentencing Commission's general policy statement on grounds for departure from the sentence range established by the applicable guideline(s).

[4]  Ms. Robertson does not challenge directly the district court's application of the guideline enhancements for vulnerable victim and multiple victims. U.S.S.G. §§ 3A1.1(b) and 2F1.1(b)(2).

supported the district court's conclusion that the departure factors were present to an exceptional degree with regard to Mr. Smith's offense behavior, *i.e.*, his mass victimization of the elderly. *Id*. at ___, *12-*13; *see also Collins*, 122 F.3d at 1303 (describing necessary factual inquiry).

We now ask whether the record as a whole supports the district court's conclusion Ms. Robertson's offense behavior fell outside the "heartland of cases in the Guideline[s]." *Koon*, 116 S. Ct. at 2046. We review the district's court's decision to depart deferentially, under a unitary abuse of discretion standard. *Id*. at 2047-48.

Ms. Robertson was convicted of participating in a scheme to defraud under the guise of a bogus charity, Say No Now. In deciding to depart from the guidelines, the district court noted the scheme was particularly predatory. The scheme targeted scores of "the most susceptible people," particularly preying on lonely, isolated, elderly persons. The same individuals were victimized repeatedly, until, as in the case of one of Ms. Robertson's named victims, "there was simply no more money." The sentencing court determined the victims were psychologically, emotionally, and financially devastated as a result of the Say No Now scheme. Adding insult to injury, victims were disparaged by Ms. Robertson

and her cohorts.  Importantly, the trial court concluded Ms. Robertson was "fully aware" of Say No Now's activities, and accountable for its mass victimization of the elderly, not just the one victim who testified against her.

After listening to the evidence adduced at trial and proffers of proof at the sentencing hearing, including the testimony of victims, the district court concluded the despicable nature of Ms. Robertson's offense behavior placed it outside the heartland of the applicable guidelines.  After a thorough review of the record, we cannot say the district court abused its discretion in imposing a two-level upward departure.

The judgment and sentence of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge