**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

DERRICK EUGENE KIRTMAN,

　　　　Defendant - Appellant.

No. 98-5039

(N.D. Oklahoma)

(D.C. No. CR-97-53-C)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

Derrick Kirtman was convicted by a jury in the district court of conspiracy

to possess with intent to distribute cocaine base (crack cocaine) and conspiracy to

distribute cocaine base, violations of 21 U.S.C. § 846. He received a life

sentence. He appeals both his conviction and sentence, contending that the

district court (1) did not properly instruct the jury regarding the elements of

conspiracy; (2) based its drug quantity calculation on insufficient evidence; and

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(3) erroneously refused to give an instruction regarding the credibility of drug addicts. He also argues that the government impermissibly presented testimony from witnesses who had been promised leniency. For the reasons below, we reject each of these arguments and affirm Kirtman's conviction and sentence.

## I. BACKGROUND

Evidence at trial, held November 4-10, 1997, established that Derrick Kirtman was part of an extensive crack distribution ring operating in Oklahoma and Kansas. Kirtman and Sullivan Chaney were tried together; Kevin Cole and numerous other indicted coconspirators pled guilty to various charges and testified in exchange for leniency.

The evidence established the following facts. Kirtman and Cole, half-brothers, organized and directed a group that shipped both crack cocaine and powder cocaine (which they later converted to crack) from several locations, including Texas and California. Between 1993 and 1997, the group distributed multiple kilograms of crack. It utilized apartments and houses in various areas as "crack houses" or "traps," where crack was both sold and used on a regular basis. Distributors each handled thousands of dollars a day, funneling money back to Kirtman and Cole.

During the existence of this drug trafficking operation, members had repeated encounters with police, and several spent time in jail, including Kirtman. The group used violence to enforce order, and on one occasion, in April 1996, savagely beat a distributor who was suspected of having stolen money and drugs, permanently disfiguring him. Kirtman both directed and participated in this attack. The group also employed several minors for extended periods of time. Early in 1997, law enforcement officers put an end to the illegal operation, and eventually seven members were indicted for assorted drug trafficking offenses.

## II. DISCUSSION

### A. Jury Instruction on Conspiracy

Kirtman argues that the court's instruction to the jury on the elements of conspiracy was erroneous. He does not contend that the instruction misstated the law; rather, he contends that the instruction was not sufficiently clear, in that it enumerated only two elements instead of four. He argues that the instruction did not properly separate the elements that the government had to prove, thereby lessening its burden. Kirtman objected at trial to the court's instruction, requesting instead an instruction based on the four elements we outlined in United States v. Evans, 970 F.2d 663, 668 (10th Cir. 1992), and have repeatedly reiterated, see, e.g., United States v. Bell, 154 F.3d 1205, 1208 (10th Cir. 1998).

-3-

In reviewing challenges to a jury instruction to which objection was made at trial, we examine the instructions as a whole, de novo, to determine whether the jury was misled. See United States v. Mullins, 4 F.3d 898, 900 (10th Cir. 1993). So long as the jury was not misled, instructional errors are not reversible. See id.

The challenged instruction was given to the jury as follows:

ESSENTIAL ELEMENTS OF
THE OFFENSE CHARGED IN COUNT I
(21 U.S.C. SECTION 846)

Two essential elements are required to be proved in order to establish the offense charged in the Superseding Indictment:

First: that there was an agreement, willfully formed, between two or more persons as charged in the Superseding Indictment, to work in concert to perform the unlawful objective of distributing or possessing with intent to distribute crack cocaine; and

Second: that such defendant on trial willfully became a member of the conspiracy existing at or about the time alleged, knowing of its unlawful purpose.

The unlawful offense is complete when each of the two separate elements, just stated, is proved.

As stated before, the burden is upon the Government to prove beyond a reasonable doubt both essential elements of the offense charged in Count 1 separately as to each defendant on trial.

R. Vol. I, Tab 119. The court refused to give the following instruction:

The Elements of Conspiracy

You are instructed that to prove conspiracy, the Government must prove the following elements:

-4-

1. That two or more persons agreed to violate the law;

2. That Mr. Kirtman, the Defendant, knew at least the essential objectives of the conspiracy;

3. That Mr. Kirtman knowingly and voluntarily became a part of it [conspiracy]; and,

4. That the alleged conspirators were interdependent.

Kirtman's Requested Instr. No. 1, R. Vol. I, Tab 98. In response to Kirtman's request, the court stated, "I've never seen that before, that a person must know the essential objects of a conspiracy to be a member of the conspiracy." Trial Transcript (Tr.) Vol. V at 697. The court asked for case authority, and Kirtman cited Evans. The court concluded, "Well, we're going to leave it as the Court has got it." Tr. Vol. V at 698.

We agree with Kirtman that an instruction organized according to the four Evans factors would have been preferable. We do not endorse the instruction given by the district court. However, as Kirtman has conceded, the court's instruction did not misstate the law, and we do not think it was so unclear as to be misleading or to affect the government's burden. As such it does not of itself justify reversal. "That the district court organized the elements into two points (instead of four) is not material to whether the instruction charged the jury with finding, beyond a reasonable doubt, all the necessary elements." United States v.

Russell , 109 F.3d 1503, 1513-14 (10th Cir. 1997) (upholding a conspiracy conviction based on a similar instruction).

## B.  Proof of Drug Quantity at Sentencing

Kirtman alleges that the government did not present sufficient evidence to support the district court's drug quantity calculation of 1.5 kilograms or more of cocaine base.  He argues that the witnesses who testified at trial as to the amounts of crack cocaine distributed by the conspiracy never actually explained how they knew the substance was in fact crack cocaine.  He contends that only those amounts identified as cocaine base by a forensic chemist (whose testimony was presented by stipulation) should have been considered at sentencing, a total of 63.68 grams.

We review the district court's drug quantity calculation for clear error. United States v. Roberts  , 14 F.3d 502, 519-20 (10th Cir. 1993).  The evidence on which a sentencing court relies in making a drug quantity determination need only possess "a minimum indicia of reliability."      United States v. Browning   , 61 F.3d 752, 754 (10th Cir. 1995).

We think the district court's findings are fully supported.  Numerous witnesses at trial, including an admitted organizer of the conspiracy, Kevin Cole, testified that they distributed large quantities of crack; Kirtman did not object to

any witness's lack of personal knowledge on this issue. Cole in particular gave detailed testimony about the difference between powder cocaine and crack cocaine, see Tr. Vol. I at 8-9, and stated that the organization had sold 20-23 kilograms of crack cocaine during certain time periods, see id. at 13, 37. We have held that such "mere testimony" is sufficient to support a finding that a substance is crack cocaine. See United States v. McIntyre, 997 F.2d 687, 710 (10th Cir. 1993) (citing United States v. LeRoy, 944 F.2d 787, 790 (10th Cir. 1991); United States v. Anthony, 944 F.2d 780, 782 (10th Cir. 1991)). The district court was certainly justified in believing that the members of an extensive conspiracy, who made innumerable sales and handled many thousands of dollars during a period spanning several years, knew what they were selling. The forensic chemist's testimony, which identified quantities of cocaine base confiscated from the group on nine separate occasions between March 1995 and September 1996, see Tr. Vol. V at 663-67, also supports this inference. Therefore we uphold the district court's calculation.

## C. Jury Instruction on Drug Addict Credibility

Kirtman adopts by reference codefendant Sullivan Chaney's argument that the court erred in refusing to give an instruction regarding the credibility of drug addicts. For the reasons given in the companion case, United States v. Chaney,

No. 98-5045, __ F.3d __ (10th Cir. 1999) (unpublished table decision), filed simultaneously with this opinion, we reject this argument.

**D. <u>United States v. Singleton</u>**

Kirtman contends that the government presented testimony from witnesses who had been promised leniency, in violation of 18 U.S.C. § 201(c)(2). Our recent en banc decision in <u>United States v. Singleton</u>, __ F.3d __, 1999 WL 6469 (10th Cir. Jan. 8, 1999), forecloses this argument.

Accordingly, Kirtman's conviction and sentence are AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge