**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY LEE GRIST,

Defendant-Appellant.

Nos. 06-7009 and 06-7010

(E. D. of Okla.)

(D.C. Nos. CR-05-64-01-WH and
TP-05-03-WH)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

---

A jury found Defendant-Appellant Jerry Lee Grist guilty on two counts of

possession of methamphetamine with intent to distribute. During voir dire, the

district court inadvertently misstated the presumption of innocence in a criminal

trial as one of guilt. The court promptly corrected the misstatement and later

questioned each prospective juror about the proper presumption in a criminal

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

trial. Defendant contends the district court's error was incurable and a mistrial should have been granted. We disagree and AFFIRM.

## I. Background

On July 12, 2005, James Lee Grist was indicted in the Eastern District of Oklahoma on two counts of possession of a controlled substance with intent to distribute.

During jury selection for trial, the district court judge asked a potential juror, "And you could presume [the defendant] guilty as the law requires you to?" Aplt. App., at 18. Recognizing his mistake, the judge quickly corrected the misstatement while noting the importance of the proper presumption in a criminal trial. The defendant immediately moved for mistrial. The motion was denied. The judge later asked each of the twenty-eight potential jurors individually to state the proper presumption in a criminal case. Each juror responded that the defendant was innocent until proven guilty beyond a reasonable doubt.

The jury found Grist guilty on both counts of the indictment. On January 9, 2006, he was sentenced to 210 months for Count I and 240 months for Count II to be served concurrently and assessed $200.00. Grist filed this appeal charging the judge's misstatement was an incurable violation of his due process rights and that a mistrial should have been granted.

## II. Discussion

### A. Presumption of Innocence

"Jury instructions must be examined as a whole and a de novo standard of review is applied to determine the propriety of an individual jury instruction to which objection was made at the time of trial." *United States v. Scarborough*, 128 F.3d 1373, 1377 (10th Cir. 1997) (quoting *United States v. Mullins*, 4 F.3d 898, 900 (10th Cir. 1993)). To reverse a lower court judgment, an appellate court must have a "substantial doubt that the jury was fairly guided." *Id.* A single instruction may not be judged in isolation, but "must be considered in the context of the instructions as a whole and the trial record." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

"The Constitution guarantees a defendant a fair trial, not a perfect one." *United States v. McHorse*, 179 F.3d 889, 904 (10th Cir. 1999) (citing *United States v. Mitcheltree*, 940 F.2d 1329, 1334 (10th Cir. 1991)); *see also Rose v. Clark*, 478 U.S. 570, 579 (1986). A momentary mistake does not invalidate an entire trial as a matter of course. "[N]ot all improper comments require a new trial or reversal on appeal. It is only when a remark could have influenced the jury's verdict and the trial court failed to take appropriate steps to remove it from the jury's consideration that there is reversible error." *United States v. Kendall*, 766 F.2d 1426, 1440 (10th Cir. 1985). In other words, where a judge takes steps that cure the error, the trial may go forward without fear of reversal on appellate review. Analyzing whether an error has been sufficiently cured is necessarily a fact-based exercise.

Grist contends that the following exchange between the district court judge and a potential juror constituted an incurable, prejudicial jury instruction:

> THE COURT: Okay. You can listen to whatever evidence the Defendant will put on?
> [JUROR]: Right.
> THE COURT: And you could presume him guilty as the law requires you to? I'm sorry.
> [JUROR]: Innocent.
> THE COURT: I apologize. I apologize. Excuse me, ma'am, just a minute. I made a mistake and I need to clear that up. I understand you're laughing and I laugh at my mistake, too, but that is a bad mistake I made. The Defendant is presumed innocent until proven guilty beyond a reasonable doubt and let there be no doubt in any of your minds that's what I meant to say. . .

Aplt. App., at 18–19.

The district court judge immediately recognized its slip of the tongue and promptly issued a curative instruction that left no doubt of the proper presumption in a criminal trial. The curative instruction alone was sufficient to cure the mistake. *See United States v. Gonzales*, 58 F.3d 506, 512 (10th Cir. 1995) ("immediate curative instruction by the court" could remedy prosecutor's slip of the tongue regarding burdens in criminal case).

But the district court went further to cure the error by asking each individual juror to state the appropriate presumption. All twenty-eight jurors correctly answered innocent until proven guilty beyond a reasonable doubt. The court further reminded the jury of the proper presumption of innocence before swearing them in as well as in the final jury instructions before deliberation.

-4-

There can be little doubt, let alone the "substantial doubt" required to reverse, that the jury was fairly guided on the matter.

The only way the district court error here could prove incurable is if it were structural error. Structural error occurs when the entire trial framework or process is undermined by the error so that a defendant has been deprived of basic protections in determining guilt or innocence. *Walker v. Gibson*, 228 F.3d 1217, 1236 (10th Cir. 2000), *abrogated on other grounds*, *Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001). When a defendant has been afforded counsel and an impartial adjudicator, there is a strong presumption that structural error has not occurred. *United States v. Dowlin*, 408 F.3d 647, 668 (10th Cir. 2005)*; see also Rose*, 478 U.S. at 579.[1] "[T]he determination of whether an error is structural depends on not only the right violated, but also the 'nature, context, and significance of the violation.'" *United States v. Pearson*, 203 F.3d 1243, 1261 (10th Cir. 2000) (quoting *Yarborough v. Keane*, 101 F.3d 894, 897 (2d Cir. 1996)). As long as the error in the case did not affect the composition of the record, so that "a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." *Rose*, 478 U.S. at 579, 579 n.7.

_____

[1] As in *Walker v. Gibson*, we do not need to address the constitutionality of the district court's error, because we do not find the error structural. 228 F.3d at 1235–36.

The district judge's slip of the tongue did not constitute structural error. In his brief, appellant admits the judge's misstatement was unintentional. Nowhere does the appellant question the judge's impartiality at trial. The misstatement constituted no more than an insignificant verbal hiccup. Placed in the context of the surrounding circumstances, there is no reason to conclude that the misstatement affected the composition of the overall trial record. The curative efforts of the district court were laudable and more than sufficient to remedy its fleeting error.

## B.  Motion for Mistrial

"[M]otions for mistrial...call for an examination of the prejudicial impact of an error or errors when viewed in the context of an entire case.  This court reviews the trial court's ruling on such motions under an abuse of discretion standard."  *United States v. Gabaldon*, 91 F.3d 91, 94 (10th Cir. 1996).

Grist contends that the pages of the district court transcript cannot convey the feeling of the courtroom.  He argues that the judge's efforts to cure the error by questioning each of the twenty-eight jurors on the proper presumption "took on the appearance of a game or an inside joke" so that "the importance of the issue had faded."  Aplt. Brief, at 7.  Taken in this light, the appellant believes his request for mistrial should have been granted.

The appellant is correct in his contention that we are not in a position to judge the feeling of the courtroom by the transcript.  It is precisely because we

are not in a position to assess courtroom emotion that motions for mistrial require an "abuse of discretion" standard of review. *See* 5 Wayne R. LaFave et al., Criminal Procedure § 27.5(e) (2d ed.1999). The trial judge is in a better position to determine the feel of the courtroom and whether a mistrial is warranted. Here, we have no basis in the record to conclude the curative statements were ineffective, nor does the passage of time between the misstatement and the juror colloquy regarding the burden of proof suggest otherwise. The district court did not abuse its discretion in denying the motion for mistrial.

## C. Probation

At the time of his indictment, Grist was on supervised release for an earlier drug conspiracy conviction. Grist's possession of a controlled substance and commission of a crime violated the terms of his supervised release. The District Court for the Western District of Oklahoma transferred jurisdiction of the earlier drug conviction to the Eastern District, where Grist's probation officer filed a petition for probation action based on Grist's violation of the supervised release. The same day that Grist was sentenced for the charges above, the district court revoked the supervised release, adding 37 months to Grist's sentence. Grist appeals revocation of that release based solely on the challenges presented above. As we have rejected those grounds, we affirm the district court's revocation of appellant's supervised release.

## III. Conclusion

Based on the foregoing reasons we find the district court's error during voir dire cured, its denial of the motion for mistrial within its discretion, and its revocation of appellant's supervised release proper.  Therefore, we AFFIRM on all counts.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge