**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHRISTOPHER ADAM DAYTON,

     Defendant-Appellant.

No. 09-5022
(D.C. No. 4:07-CR-00076-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY** and **HOLMES**, Circuit Judges.

Defendant-Appellant Christopher Adam Dayton has brought two challenges on appeal. First, he argues that the government did not provide sufficient evidence to meet its burden on the jurisdictional-nexus element of his crimes of conviction: distributing and possessing child pornography. *See* 18 U.S.C. § 2252(a)(2), (a)(4)(B) (2006).[1] Second, he argues that the district court improperly

---

[*]     This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]     "Our analysis is limited to the version of the statute in effect at the time of [Mr. Dayton's] conduct." *United States v. Sturm [Dayton]*, 672 F.3d 891, 897 n.5 (10th Cir. 2012) (en banc). Subsequently, Congress amended the statute "to expand the jurisdictional coverage." *United States v. Lewis*, 554 F.3d 208,

(continued...)

instructed the jury on the distribution element of the offense of distributing child pornography. *See* 18 U.S.C. § 2252(a)(2).

After initial consideration by this panel, the en banc court definitively resolved Mr. Dayton's sufficiency-of-the-evidence challenge. Specifically, on February 24, 2012, the en banc court held that the government satisfied the jurisdictional element of Mr. Dayton's child-pornography crimes because "it present[ed] evidence that the substantive content of the images ha[d], at some point, traveled in interstate or foreign commerce." *Sturm*, 672 F.3d at 892; *see id.* at 901–02. However, the en banc court did not address Mr. Dayton's second challenge—*viz.*, that the district court improperly instructed the jury on the distribution element of 18 U.S.C. § 2252(a)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we reject that challenge and affirm the district court's judgment.

## I. Background

Our en banc court thoroughly explicated the factual background of this case in its February 24 opinion. *See Sturm*, 672 F.3d at 892–96. We therefore summarize the relevant facts briefly here.

In March 2007, in Tulsa, Oklahoma, FBI Special Agent Joseph Cecchini accessed the peer-to-peer program "LimeWire" through the Internet as part of an undercover investigation into child pornography. LimeWire is a free-access file-

---

[1](...continued)
216 (1st Cir. 2009).

- 2 -

sharing program that allows users to make files available to all other LimeWire users by placing them in a shared file folder; any LimeWire user may access that shared file folder to download files.[2]  LimeWire provides users with a search function, involving the use of keywords, that allows them to search for particular types of files.  When a LimeWire user locates a file that he wishes to download, LimeWire automatically will find all of the users who possess that file in their shared folders and will download parts of the file from all of them, thereby increasing the download speed.  The FBI, however, has a specialized version of LimeWire that circumvents the usual downloading process and allows agents to download the file from only one person "so that [it] can definitively say that this one person, this one [Internet Protocol ("IP")] address[,] offered that file."  R., Vol. II, at 110 (Tr. of Jury Trial Proceedings, dated June 4, 2008).

Using LimeWire, Agent Cecchini ran a keyword search for "8yo [girl]," a term associated with child pornography that refers to an eight-year-old child.  *Id.* at 110–11.  The search revealed files matching that description, and Agent Cecchini downloaded three complete video files and one partial one that appeared to contain child pornography.  The files originated from Mr. Dayton's IP address in Tulsa, Oklahoma, and were accessed from his Cox Communications Internet account.

---

[2]     Other LimeWire users may not add to another user's shared folder; they may only access that folder for downloads.

In April 2007, the FBI executed a search warrant at Mr. Dayton's residence. Mr. Dayton admitted that the Cox Communications account and the associated IP address were his, and that "he'd been downloading child pornography and using LimeWire for about three months." *Id.* at 135. Mr. Dayton also wrote a statement, confessing, "[A]bout 3-4 months ago I started to use [L]ime[W]ire and axedentle [sic] saw child porn and started to download it. I hated myself for it and deleted it[,] but I download[ed] it agen [sic] and I'm sory [sic]. And [I] burned it to 3 cds." R., Vol. I, at 90 (Attach. to Mot. Suppress, filed Mar. 21, 2008). Agents seized a computer and two hard drives from Mr. Dayton's home, along with 169 CDs and DVDs. The FBI later discovered pictures and video files containing child pornography on the hard drives and CDs.

On May 9, 2007, Mr. Dayton was charged in a two-count indictment with knowingly distributing or attempting to distribute visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and knowingly possessing or attempting to possess visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). Mr. Dayton filed a motion to dismiss the indictment for the government's alleged failure to establish the jurisdictional element of his charges, which the district court denied. Mr. Dayton was then tried before a jury over the course of three days.

The court held a preliminary jury-instruction conference. At that conference, Mr. Dayton objected to the proposed instruction on the definition of "distribute" relating to the charge under 18 U.S.C. § 2252(a)(2). Generally, that instruction provided that a person distributes child pornography when he places it in a shared folder, thereby making it available to others to search out and download in a peer-to-peer network. This instruction was intended to reflect this court's holding in *United States v. Shaffer*, 472 F.3d 1219, 1223–25 (10th Cir. 2007). However, Mr. Dayton argued that the district court should incorporate into the jury instructions this court's reasoning in *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007). But, Mr. Dayton did not articulate the specific language that the court should use to accomplish this. And the district court declined to alter the instruction regarding distribution.

The jury ultimately convicted Mr. Dayton on both the possession and distribution counts based on seven images of child pornography. Thereafter, the district court sentenced Mr. Dayton to sixty-three months' imprisonment, to be followed by ten years of supervised release.

Mr. Dayton appealed his convictions, arguing that the government failed to meet its burden of proving the jurisdictional element of the charged offenses and the district court's jury instruction on the meaning of distribution was fatally flawed. Over a dissent, this panel accepted Mr. Dayton's jurisdictional argument. The panel concluded that the government was required to present evidence that

- 5 -

the particular images charged in the indictment crossed state lines and it failed to do so. *See United States v. Dayton*, 426 F. App'x 582, 598–99 (10th Cir. 2011). The en banc court then *sua sponte* granted rehearing and vacated this panel's decision. *See United States v. Sturm* [*and Dayton*], Nos. 09–1386, 09–5022, 2011 WL 6261657, at *1 (10th Cir. Apr. 4, 2011) (en banc) (unpublished). Following the en banc court's resolution of Mr. Dayton's challenge to the jurisdictional element of his crimes, it remanded the case to this panel for further consideration of Mr. Dayton's appeal. *Sturm*, 672 F.3d at 902.

## II. Discussion

Our standard of review is well-settled and is succinctly stated in *United States v. Smith*:

> The appropriate standard of review for challenges to jury instructions is whether the jury, considering the instructions as a whole, was misled. Only where the reviewing court has "substantial doubt that the jury was fairly guided" will the judgment be disturbed. We apply a de novo standard of review to determine the propriety of an individual jury instruction to which objection was made at trial.

13 F.3d 1421, 1424 (10th Cir. 1994) (citations omitted) (quoting *United States v. Mullins*, 4 F.3d 898, 900 (10th Cir. 1993)); *see, e.g.*, *United States v. Durham*, 139 F.3d 1325, 1331 (10th Cir. 1998) ("We review jury instructions as a whole and apply a de novo standard of review to determine the propriety of an individual jury instruction to which objection was made at the time of trial.");

*United States v. Scarborough*, 128 F.3d 1373, 1377 (10th Cir. 1997) (same); *see also United States v. Allen*, 603 F.3d 1202, 1213 (10th Cir. 2010) ("When reviewing claims of error in regard to jury instructions, we review the instructions as a whole de novo to ensure that the applicable law was correctly stated . . . .").

On appeal, Mr. Dayton argues that the district court improperly instructed the jury on the distribution element of § 2252(a)(2). In his view, *Shaffer*'s holding that a person distributes child pornography by making it available to others on a network is potentially irreconcilable with *Schaefer*'s admonition that more than the mere use of the Internet is required to prove an interstate nexus. He seeks "guidance and [a] ruling on what a proper instruction would be given the[se] holdings." Aplt. Br. at 63. The government maintains that the district court did not err in instructing the jury regarding distribution because *Schaefer* "addressed only the sufficiency of evidence to meet the interstate commerce element of the distribution statute, and did not affect the continuing validity of *Shaffer*'s definition of distribution." Aplee. Br. at 15.

In its jury instructions, the district court defined the term "distribute" as follows:

> In this case, to distribute means to deliver, transfer, disperse, or dispense to another person. You are instructed that if a person knowingly makes images available on a peer-to-peer file sharing network, such as Lime[W]ire, this is considered "distribution" of the images. In other words, the Government may meet its burden

> of proof on this element by showing that Defendant knowingly allowed others access to his Lime[W]ire shared folder.

R., Vol. I, at 240 (Instructions to the Jury, filed June 5, 2008).

In fashioning this instruction, the district court relied on our *Shaffer* decision. It was correct to do so. *Shaffer* is controlling on the question of how the word "distribute" should be defined in § 2252(a)(2) when a defendant uses a peer-to-peer network. In *Shaffer*, the defendant was charged with distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)[3] by "download[ing] images and videos from a peer-to-peer computer network and stor[ing] them in a shared folder on his computer accessible by other users of the network." 472 F.3d at 1220–21. We rejected the defendant's argument that to "distribute" requires a defendant to "actively transfer possession to another." *Id*. at 1223. We held instead that the defendant "distributed" child pornography by allowing others access to download the child pornography files from his peer-to-peer program's shared folder. *Id*. ("We have little difficulty in concluding that Mr. Shaffer distributed child pornography . . . . [H]e freely allowed [others] access to his computerized stash of images and videos and openly invited them to take, or download, those items."). Like the defendant in *Shaffer*, the evidence presented

---

[3] For purposes of our instructional inquiry here, there is no material difference between the distribution component of § 2252A(a)(2) and that element of Mr. Dayton's statute of conviction—§ 2252(a)(2).

- 8 -

at Mr. Dayton's trial demonstrated that he, too, knowingly stored video files of child pornography in a folder used by a peer-to-peer network.

Nevertheless, Mr. Dayton contends the district court erred by instructing the jury in a manner consistent with *Shaffer* and that a correct instruction would have relied instead on *Schaefer*. We disagree. Our decision in *Schaefer* focused solely on the question of how the government could prove the *jurisdictional nexus* (i.e, the interstate-commerce element) for charges of receiving and possessing child pornography. *See Schaefer*, 501 F.3d at 1198.[4] That case did not discuss, nor implicate, the definition of "distribution" in cases involving peer-to-peer programs. Thus, *Schaefer* has no applicability to an instruction on the distribution element of § 2252(a)(2).

## III. Conclusion

---

[4] Mr. Dayton's suggestion that the government was required to prove that he distributed the files in interstate or foreign commerce is without merit because that is not what the plain terms of the statute require. *See United States v. Lamirand*, 669 F.3d 1091, 1094 (10th Cir. 2012) (noting that the court should first consult the plain text of any statute which it interprets). Section 2252(a)(2) prohibits "knowingly . . . *distribut*[*ing*] . . . any visual depiction that has been mailed, or has been shipped or transported *in interstate or foreign commerce . . . .*" (emphasis added). On its face, the statute simply does not require that Mr. Dayton's *distribution itself be* in interstate or foreign commerce. Further, Mr. Dayton's argument that the jury instruction "permitted a less stringent evidentiary foundation to prove the interstate commerce nexus," Aplt. Br. at 62, also fails. Distribution and jurisdiction are independent elements. The district court separately and clearly instructed the jury on both of those elements, and its distribution instruction did not lighten the government's burden of proof on the distinct jurisdictional element.

For the reasons discussed above, we **AFFIRM** the district court's judgment.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge