**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VICTOR KEARNEY,

    Defendant - Appellant.

No. 24-2078

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:19-CR-02848-JB-1)**

_____

Alicia C. Lopez (Paul Linnenburger, with her on the briefs), of Lane Linnenburger Lane, Santa Fe, New Mexico, for Defendant-Appellant.

Sean J. Sullivan, Assistant United States Attorney (Alexander M.M. Uballez, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

_____

Before **MATHESON**, **EBEL**, and **MORITZ**, Circuit Judges.

_____

**MORITZ**, Circuit Judge.

_____

A jury convicted Victor Kearney of filing a false tax return in violation of 26 U.S.C. § 7206(2) and conspiring to defraud the United States in violation of 18 U.S.C. § 371. He seeks reversal only of his conspiracy conviction, arguing the district

court committed two plain and prejudicial instructional errors by misdirecting the jury on the elements of the conspiracy-to-defraud count and by omitting the conspiracy-to-defraud count from the advice-of-counsel instruction. We agree and find two plain errors: (1) the conspiracy-to-defraud instruction didn't accurately capture the crime charged here because it didn't require the government to prove Kearney's use of deceitful or dishonest means; and (2) the advice-of-counsel instruction indicated that it applied only to the false-return count even though Kearney's advice-of-counsel defense applied to both counts. These two plain errors caused overlapping prejudice—the prejudice flowing from the instructional error on the conspiracy charge was compounded by the failure to instruct the jury on Kearney's defense that he relied in good faith on advice of counsel. Because the instructions misdirected the jury on both fronts and substantially affected Kearney's rights, we vacate Kearney's conspiracy conviction and remand for further proceedings.

### Background

A grand jury indicted Kearney for making a false tax return in 2011 and, as especially relevant here, conspiracy "to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful [g]overnment function of the Internal Revenue Service," in violation of § 371. Supp. R. vol. 1, 2. In support of the conspiracy charge, the indictment alleged that Kearney failed to report taxable trust income on his tax returns from 2007 to 2011. The indictment named Kearney's tax attorney, Robert Fiser, as a codefendant and coconspirator. Fiser pleaded guilty to

2

aiding and abetting the 2011 false tax return and to the § 371 conspiracy, was sentenced to 15 months in prison, and cooperated in the government's case against Kearney.[1]

At trial, the government presented evidence that although Kearney had previously used a certified public accountant (CPA), Harvey Schwalm, to prepare his tax returns, he switched to Fiser beginning with the 2007 tax year. Fiser, who was both an attorney and a CPA, prepared Kearney's federal tax returns from 2007 to 2011, listing negative income for each year. Fiser testified that although Kearney had received income from trusts in each of those years, he and Kearney jointly decided not to report the income because Kearney "didn't have the income to pay the tax" if all trust income was included. R. vol. 1, 955.

In defense, Kearney maintained that he relied in error on Fiser's advice in completing his tax returns, and he introduced evidence to support his overarching theory that he was unaware that he personally owed taxes on the trust income. Kearney highlighted that some documents informing him of his personal tax obligations were not sent to him directly. Instead, he directly received some tax forms that suggested no reportable income from the trust. Additionally, a witness testified that Kearney did not handle his own correspondence and that he suspected Kearney had dyslexia.

---

[1] Fiser's initial 15-month sentence was reduced to six months based on his assistance to the prosecution at Kearney's trial.

The defense also attacked Fiser's credibility on a variety of grounds. For instance, Fiser testified that he loaned Kearney tens of thousands of dollars at "exorbitant interest amounts." *Id.* at 1117. On cross-examination, Fiser admitted that he did not know about the relevant legal ethics rule requiring attorneys to loan money to clients at fair and reasonable rates. Nor did Fiser know about or comply with the ethics rules requiring attorneys entering into a business relationship with a client to advise the client, in writing, of the benefit of seeking independent legal counsel. Fiser also admitted to a checkered past, including drug and alcohol addiction, arrests for domestic violence and soliciting a prostitute, and convictions for tax crimes resulting in a suspended law license. Fiser did not disclose any of this information to Kearney when Kearney retained him. The defense also questioned Fiser about the length of his sentence and the possibility of his sentence being reduced as a result of testifying against Kearney.

After the parties presented their cases, the district court instructed the jury. It first read the indictment to the jury. Then, although the indictment charged Kearney with conspiring (with Fiser) to defraud the United States, the jury instruction on this count did not mention fraud. Instead, it provided that § 371 "makes it a crime to conspire *to commit an offense* against the United States." *Id.* at 442 (emphasis added). The instruction continued:

> To find . . . Kearney guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First*: . . . Kearney agreed with at least one other person to violate the law.

4

*Second*: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

*Third*: . . . Kearney knew the essential objective of the conspiracy.

*Fourth*: . . . Kearney knowingly and voluntarily participated in the conspiracy.

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

*Id.*

Next, because Kearney defended himself by arguing that he relied on Fiser's advice, the district court also gave an advice-of-counsel instruction:

One element that the government must prove beyond a reasonable doubt is that . . . Kearney had the unlawful intent to make a false material statement on the income tax return form for calendar year 2011. Evidence that . . . Kearney in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if . . . Kearney, before acting, (i) requested for advice of counsel on the legality of a proposed action; (ii) made full disclosure of the relevant facts to counsel; (iii) received advice from counsel that the action to be taken will be legal; and (iv) relied in good faith on counsel's advice.

*Id.* at 449. Notably, this instruction mentions the charge for filing a false return but does not mention the conspiracy charge.

The jury convicted Kearney of both counts, and the district court denied Kearney's motion for a new trial. The district court sentenced Kearney to 27 months in prison on each count, to run concurrently.

Kearney appeals.

5

**Analysis**

Kearney argues that the district court erred in instructing the jury on conspiracy to defraud and advice of counsel. We typically review the failure to give a particular instruction for abuse of discretion, but in so doing, we look at the "instructions 'de novo in the context of the entire trial to determine if they accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case.'" *Valdez v. McDonald*, 66 F.4th 796, 828 (10th Cir. 2023) (quoting *United States v. Jean-Pierre*, 1 F.4th 836, 846 (10th Cir. 2021)).

But here, the government urges us to review only for plain error, arguing that Kearney failed to raise his objections below. *See United States v. Jereb*, 882 F.3d 1325, 1335 (10th Cir. 2018). Under the plain-error standard, we reverse a conviction "only if (1) an error occurred; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." *Id.* (cleaned up) (quoting *United States v. Wolfname*, 835 F.3d 1214, 1217 (10th Cir. 2016)). Although Kearney vigorously disputes whether he adequately preserved his objections, we need not decide this issue because he prevails even under plain-error review.[2]

---

[2] Kearney's opening brief does not argue for plain error, so the government seizes the opportunity to assert that we could consider plain-error review waived. But Kearney's invocation of plain error in his reply brief is sufficient under these circumstances. *See United States v. Yurek*, 925 F.3d 423, 445 (10th Cir. 2019).

## I.    Conspiracy to Defraud

We first consider whether, as Kearney contends, the district court plainly erred in instructing the jury on conspiracy to defraud.

### A.    Error

To determine whether the district court erred, we begin with the language of the conspiracy statute at issue here:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

§ 371. Courts have interpreted this statute as having two clauses that refer to two different types of conspiracies: the offense clause and the defraud clause. *See Dennis v. United States*, 384 U.S. 855, 862 (1966) (referring to "conspiracy to defraud" and "conspiracy to commit [a] substantive offense" as "alternative clause[s] of § 371").

The offense clause refers to a "conspiracy to commit a substantive offense proscribed by another statute." *United States v. Alston*, 77 F.3d 713, 718 (3d Cir. 1996). "It is well settled that to convict a defendant of conspiracy under the offense clause, the government must prove whatever level of mens rea is required for conviction of the underlying substantive offense." *Id.* (cleaned up); *see also United States v. Feola*, 420 U.S. 671, 686 (1975) ("[T]o sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the [g]overnment must prove at least the degree of criminal intent necessary for the substantive offense itself.").

7

The defraud clause, on the other hand, doesn't refer to another statute; it refers only to a conspiracy "to defraud the United States." § 371. Defrauding the United States need not cause financial loss to the government. *Haas v. Henkel*, 216 U.S. 462, 479 (1910). Instead, the Supreme Court has explained that "[t]he statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government." *Id.* Thus, although "[t]o conspire to defraud the United States means primarily to cheat the government out of property or money, . . . it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft[,] or trickery, or at least by means that are dishonest." *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924).

Here, the indictment charged Kearney under the defraud clause, accusing him of violating § 371 by "defraud[ing] the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful [g]overnment function of the Internal Revenue Service." Supp. R. vol. 1, 2. "A [§] 371 conspiracy where the victim is the IRS and the objective is to defeat its lawful functioning is known as a *Klein* conspiracy." *United States v. Adkinson*, 158 F.3d 1147, 1154 (11th Cir. 1998) (citing *United States v. Klein*, 247 F.2d 908 (2d Cir. 1957)). However, the conspiracy instruction given by the district court doesn't refer to defrauding the United States, nor does it include any of the indictment's specific language regarding defeating a lawful government function. Instead, the instruction references § 371's offense clause, which wasn't charged here.

8

Kearney's argument is straightforward. Indicting on one clause and instructing on another is error. We agree. Whether the two clauses create entirely different offenses or are merely different methods of committing one offense, the problem is the same: the two clauses are fundamentally different. *See United States v. Haga*, 821 F.2d 1036, 1045 (5th Cir. 1987) (reversing § 371 conviction where defendant was indicted under offense clause but convicted under defraud clause following bench trial). As we have explained, the offense clause requires the government to prove that the defendant violated some statute other than § 371, but the defraud clause is self-contained and doesn't require a defendant to violate another statute. *See United States v. Khalife*, 106 F.3d 1300, 1303 (6th Cir. 1997) ("[I]t is unnecessary to refer to any substantive offense when charging a § 371 conspiracy to defraud, and it is also unnecessary to prove the elements of a related substantive offense.").

As Kearney correctly points out, this structural difference between the offense clause and the defraud clause matters. Under the offense clause, the required state of mind is that of the underlying substantive offense, so the § 371 charge need not have its own state-of-mind element. Under the defraud clause, however, the instruction should "clearly communicate that the means must be dishonest, deceitful[,] or fraudulent in the sense of its usual meaning." *United States v. Scott*, 37 F.3d 1564, 1575 (10th Cir. 1994). This element is vital; it is not a federal crime to use lawful means that merely make it harder for the IRS to do its job. *Id.* (reviewing § 371 conspiracy-to-defraud jury instructions to ensure that jury "would have acquitted . . . if they believed the defendants were using lawful means that merely made the

IRS's job harder in making tax assessments"); *see also United States v. Caldwell*, 989 F.2d 1056, 1060–61 (9th Cir. 1993) (reversing § 371 conspiracy-to-defraud conviction where district court failed to instruct on essential element: that defendant agreed to obstruct the IRS by deceitful or dishonest means), *abrogated in part on other grounds by Neder v. United States*, 527 U.S. 1, 8–9 (1999).

The government doesn't dispute that the conspiracy-to-defraud jury instruction omitted an essential element—that is, the agreement to obstruct the IRS by deceitful or dishonest means. Nevertheless, the government broadly asserts that the jury wasn't misled because "the totality of the circumstances of the trial . . . firmly establishes the jury received the correct law needed to decide Kearney's case." Aplee. Br. 42. In particular, the government insists that any confusion created by this omission was cured by the district court's recitation of the indictment to the jury.

In support, the government relies on *United States v. Bedford*, 536 F.3d 1148 (10th Cir. 2008). But *Bedford* can't withstand the weight of the government's assertion. There, we found no plain error in a conspiracy-to-defraud instruction where the district court instructed that the indictment charged the defendant with conspiracy to defraud the United States by impeding, impairing, obstructing, and defeating the IRS. *Id.* at 1155. The government seizes on *Bedford*'s discussion of the indictment and insists that here, as in *Bedford*, the indictment's inclusion in the jury instructions cured any confusion caused by the omitted element. But the government overlooks a crucial distinction. In *Bedford*, the district court specifically instructed the jury that "defraud" means to cheat the government out of property or money or to

10

interfere with the government's functions using dishonest means. *Id.* That explicit guidance is missing here. Simply put, *Bedford* doesn't address a conspiracy instruction based on the offense clause where the defendant was charged under the defraud clause.

Perhaps recognizing its flawed reliance on *Bedford*, the government pivots to the prosecutor's arguments and suggests those arguments provided legal clarity for the jury. But that can't be; the district court instructed the jury that "lawyers' statements and arguments are not evidence." R. vol. 1, 430. Nor have we ever empowered a prosecutor to have the final say on what the law is—that's what jury instructions are for. *See Bland v. Sirmons*, 459 F.3d 999, 1015 (10th Cir. 2005) (explaining that instructions outweigh counsel's argument); *United States v. Walters*, 913 F.2d 388, 392 (7th Cir. 1990) (explaining that counsel's arguments cannot substitute for court's instructions). Indeed, the government proffers no authority to support this novel view.

The indictment charged a conspiracy to defraud, while the instruction described a conspiracy to violate the law. We require jury instructions to "provide the jury with an accurate understanding of the relevant legal standards." *Valdez*, 66 F.4th at 828 (quoting *Jean-Pierre*, 1 F.4th at 846). The instruction failed to meet this requirement, and Kearney has shouldered his burden on the first prong of plain-error review.

## B.    Plainness

The second prong of plain-error review requires Kearney to demonstrate that

"the claimed error is contrary to well-settled law, 'that is, to the current law of the Supreme Court or the Tenth Circuit.'" *United States v. Powell*, 767 F.3d 1026, 1035 (10th Cir. 2014) (quoting *United States v. Wardell*, 591 F.3d 1279, 1298 (10th Cir. 2009)). Such "well-settled law" can take the form of either precedential caselaw or, as relevant here, plain statutory language: "an error is plain when statutory language is clear and obvious." *Id.* The parties agree that § 371 plainly criminalizes two different conspiracies: conspiracies to violate the law and conspiracies to defraud. The indictment charged the latter, but the instruction set out the elements of the former.

To be sure, the district court used this circuit's pattern instruction on § 371 conspiracies, which typically "weighs against a finding of plain error." *United States v. Kepler*, 74 F.4th 1292, 1315 (10th Cir. 2023). But pattern instructions are merely a guide. *See* Tenth Cir. Crim. Pattern Jury Instrs. Introductory Note ("The Committee's approach was to generate generic minimalist instructions that would be tailored to individual cases."); *United States v. Freeman*, 70 F.4th 1265, 1280 n.13 (10th Cir. 2023) (noting that "pattern instructions are merely intended to serve as a guide" and suggesting that, where Tenth Circuit has not issued pattern instruction for offense, parties may need "to select alternate formulations" of offense elements). And the pattern instruction in this instance not only fails to account for the two kinds of conspiracies in § 371, it doesn't describe the charged offense at all. *See* Tenth Cir. Crim. Pattern Jury Instrs. § 2.19 at 98 (2025). Given the statute's plain language, the

error in using the pattern instruction on conspiracy to violate the law for a charge of conspiracy to defraud was also plain.

### C.    Substantial Rights

The third plain-error prong requires Kearney to show that the jury-instruction error affected his substantial rights. This "means that the error must have been prejudicial." *United States v. Olano*, 507 U.S. 725, 734 (1993). That is, the error "must have affected the outcome of the district[-]court proceedings." *Id.* "To meet this burden, the appellant must show 'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005) (en banc) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 81–82 (2004)).

Kearney argues that the erroneous jury instruction failed to convey the requisite fraudulent intent and, as a result, undermined his defense that he relied on the advice of Fiser, his tax attorney. We agree. The jury was not asked to consider whether Kearney himself used deceitful or dishonest means to defraud the government. To be sure, the instruction asked the jury to find that Kearney "agreed with at least one other person to violate the law." R. vol. 1, 442. But a conspiracy to defraud is limited to crimes done "by deceit, craft[,] or trickery, or at least by means that are dishonest." *Hammerschmidt*, 265 U.S. at 188. "Obstructing government functions in other ways—for example, by violence, robbery[,] or advocacy of illegal action—can't constitute 'defrauding.'" *Caldwell*, 989 F.2d at 1059.

Kearney also points to evidence from which the jury could have concluded that he did not intend to defraud the government through dishonest means. Most crucially, the government's evidence on this front relied heavily on Fiser, whose license to practice law had been suspended for failing to file state tax returns—facts that Fiser failed to make Kearney aware of. Additionally, another witness testified that important documents informing Kearney he was personally responsible for paying taxes on the trust were not sent directly to Kearney. And some of the tax forms that *did* make it to Kearney indicated he had "[n]o reportable income." R. vol. 1, 848. Kearney also presented evidence that he had difficulty reading, with one witness testifying that Kearney seemed to have dyslexia and another witness testifying that she helped Kearney with emails after noticing his struggles. A jury properly instructed on conspiracy to defraud could reasonably rely on this evidence to conclude that Kearney lacked the requisite intent.

Against this, the government argues that Kearney was not prejudiced from the erroneous instruction because the jury found that Kearney committed five overt acts in furtherance of the conspiracy: signing each tax return from 2007 to 2011. But Kearney doesn't dispute that he signed the tax returns. His defense was that he trusted his tax attorney to prepare proper tax returns.

The government further argues that Kearney can't show prejudice because the trial evidence permitted the jury to infer that Kearney didn't rely on Fiser's advice in good faith. Instead, the government maintains, the evidence showed Kearney deliberately chose to use Fiser's services because he knew that Fiser would help him

14

cheat on his taxes. In support, the government points to evidence that Schwalm prepared Kearney's tax returns and properly reported the trust income both before and after Kearney used Fiser's services. But Kearney also presented evidence contradicting such an inference, indicating that he switched for a non-nefarious reason—Fiser was both a tax attorney and CPA, whereas Schwalm was only a CPA. We therefore reject the government's position that no reasonable jury could have concluded that Kearney acted in good faith.[3]

In sum, Kearney has shown a reasonable probability that a jury properly instructed on the fraudulent intent required for § 371 conspiracy to defraud would have accepted his defense that he relied on Fiser's advice when filing his taxes, so Kearney has shouldered his burden on the third prong of plain-error review.

### D.    Fairness, Integrity, or Public Reputation of Judicial Proceedings

"Under the fourth prong of plain-error review, a court may exercise its discretion to notice a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta*, 403 F.3d at 736. Here, failing to properly instruct the jury on an essential element of conspiracy certainly affected the fairness of Kearney's jury trial. Indeed, "we have before noted

---

[3] More fundamentally, the government's position on Kearney's good faith is flawed because it appears to assume that the jury received a proper advice-of-counsel instruction and then properly considered the advice-of-counsel defense to reject Kearney's good-faith argument. Yet as we will discuss, the jury did *not* receive a proper advice-of-counsel instruction on the conspiracy charge—a plain error causing prejudice that overlaps with and compounds the prejudice flowing from the instructional error on the conspiracy charge. *See infra* Part II.

15

that reversal is appropriate when evidence supporting the omitted element is 'neither overwhelming nor uncontroverted.'" *United States v. Benford*, 875 F.3d 1007, 1021 (10th Cir. 2017) (quoting *Wolfname*, 835 F.3d at 1223). And as just explained, the government's evidence of fraudulent intent is neither overwhelming nor uncontroverted.

We thus conclude that the district court plainly erred in its conspiracy-to-defraud instruction, causing prejudice and requiring reversal.

## II.    Advice of Counsel

Kearney also argues that the district court plainly erred in its advice-of-counsel instruction. This instruction told the jury "that the government must prove beyond a reasonable doubt . . . that . . . Kearney had the unlawful intent to make a false material statement on the income tax return form for calendar year 2011" and then explained that evidence of following the advice of counsel "in good faith . . . would be inconsistent with such an unlawful intent." R. vol. 1, 449. As should be clear, this instruction expressly mentions the substantive count in the indictment for filing a false return in 2011—but fails to mention the conspiracy count.

Kearney's argument is again straightforward: he maintains that the advice-of-counsel instruction plainly fails to guide the jury because it suggests that advice of counsel is a defense only to the substantive offense and not to the conspiracy offense. And again, we agree. The instruction tied the advice-of-counsel defense to *only* the substantive false-return offense. Without any accompanying link to the conspiracy count, we have "substantial doubt that the jury was fairly guided." *United States v.*

16

*Mullins*, 4 F.3d 898, 900 (10th Cir. 1993). Indeed, we have found plain error where the district court failed to instruct on a defendant's defense theory when the defendant presented sufficient evidence to support that theory and requested an instruction on the theory. *United States v. Maryboy*, 138 F.4th 1274, 1292–93 (10th Cir. 2025); *see also United States v. Britt*, 79 F.4th 1280, 1291–92 (10th Cir. 2023). That is essentially what occurred here with Kearney's defense to the conspiracy charge.[4]

Nor are we persuaded by the district court's rationale in denying Kearney's new-trial motion: that the jury knew the instruction applied to both counts simply because it appeared after the elements instructions for each offense. The instruction needed to appear *somewhere*, and its placement can't overcome the absence of any express link to the conspiracy offense, particularly in light of the express link to the substantive false-returns offense. We are similarly unpersuaded by the government's suggestion that the jury knew the defense applied to both counts simply because Kearney relied on "advice of counsel" as his overarching theory of defense. *See Bland*, 459 F.3d at 1015. Thus, we find the district court plainly erred in giving an

---

[4] The government argues for the first time on appeal that Kearney did not present any evidence entitling him to an advice-of-counsel instruction, a view that relies heavily on Fiser's testimony and the government's closing argument. We reject this argument because it ignores Fiser's significant credibility issues and because attorney arguments are not evidence. The government also refuses to acknowledge Kearney's additional evidence regarding his reliance on advice of counsel—evidence detailed above—which we must credit when determining whether he's entitled to a particular defense instruction. *See United States v. Toledo*, 739 F.3d 562, 567 (10th Cir. 2014) ("For the purposes of determining the sufficiency of the evidence, we accept the testimony most favorable to the defendant.").

advice-of-counsel instruction limited by its own terms to only one of Kearney's two charges when Kearney was entitled to such an instruction on both charges.

Next, the government argues that Kearney has failed to show prejudice from this erroneous instruction. But the failure to instruct on the advice-of-counsel defense as to the conspiracy charge affected Kearney's substantial rights for many of the same reasons as the failure to instruct on the state-of-mind element of that offense. As explained above, the government's case relied heavily on Fiser to support the conspiracy charge, yet Kearney presented evidence supporting his theory that he relied on Fiser's advice. As already mentioned, Kearney always hired a professional to file his taxes, and the documents proffered at trial at least suggested Kearney may not have known he had personal tax liability. Based on this evidence, a reasonable jury could find that Kearney relied on Fiser in good faith and was therefore not guilty of conspiracy to defraud, and Kearney has demonstrated that this error affected his substantial rights. *See Maryboy*, 138 F.4th at 1294–95 (finding prejudice at third prong of plain error where government's evidence was controverted and district court failed to instruct on defense going to defendant's state of mind).

Indeed, Kearney's claim of prejudice is particularly strong because both plain errors concern the conspiracy count. The conspiracy-to-defraud instruction failed to capture the requirement that the jury find Kearney used deceitful or dishonest means. And the advice-of-counsel instruction didn't mention the conspiracy count, which is particularly prejudicial because good-faith reliance on advice of counsel would have been a useful defense to the deceitful-or-dishonest-means element.

18

Because Kearney "presented substantial evidence in support of an affirmative defense which [was] undermined by an erroneous instruction," this prejudicial plain error affected the fairness and integrity of Kearney's trial. *United States v. Piette*, 45 F.4th 1142, 1162 (10th Cir. 2022) (quoting *United States v. Duran*, 133 F.3d 1324, 1330 (10th Cir. 1998)).

## Conclusion

The district court plainly erred in instructing the jury on conspiracy to defraud and the advice-of-counsel defense, so we vacate Kearney's conspiracy conviction and remand for further proceedings.